IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|                                                            ) | |
|                  Plaintiff,                       ) | |
|                                                            ) | |
| v.                                                      ) | No. 05-10012-01-WEB |
|                                                            ) | |
| JUAN CARLOS MOSSO-DELGADO, ) | |
|                                                            ) | |
|                  Defendant.                    ) | |
|                                                            ) | |

**Memorandum and Order**

This matter came before the court on the defendant's request for a sentence below the advisory guideline range applicable for his offense. *See* Doc. 12 (Defendant's Sentencing Memorandum). The court orally denied the request at the sentencing hearing of July 25, 2005. This written memorandum will supplement the court's oral ruling.

Defendant argues there are three mitigating factors that warrant a sentence below the guideline range. First, he argues that a Criminal History Category IV is over-representative of his true criminal history. He points out that he has only one prior felony conviction, and that he received two criminal history points for a misdemeanor DUI conviction. He further notes that the instant offense occurred within two years of his release on the DUI conviction (and therefore resulted in two additional criminal history points) only due to consideration of "relevant conduct" under the guidelines. Defendant's second argument for mitigation is that he is culturally assimilated to the United States. He says he came to the U.S. when he was 13 years old, growing up in New York and then moving to Liberal, Kansas, and that he established a family in Liberal and has been living there with his three children and his common law wife. Finally, defendant's

third argument for mitigation is a contention that he erroneously spent two extra months in jail due to an error by Seward County officials in his DUI case. He argues the court should take this into account by imposing a sentence below the guideline range.

The court concludes the circumstances do not warrant a sentence below the advisory guideline range. The defendant's prior convictions and the fact that he promptly re-entered the United States after deportation shows a high likelihood of recidivism. The court also notes the defendant used an alias during several of his prior arrests. The court finds that the Criminal History Category of IV does not over-represent the seriousness of his criminal history or the likelihood that he will commit future crimes. Nor does the court find any grounds for a reduction based on cultural assimilation. As the Government points out, the defendant spent his childhood in Mexico, and his ability to evade U.S. authorities for an extended period of time. Finally, regarding the defendant's argument that he was in custody two months longer than he should have been on his DUI conviction, if he is legally entitled to any credit on his current sentence it will be determined by the BOP. The court concludes, however, that the defendant's allegation does not warrant a sentence below the guideline range.

*Conclusion*.

Defendant's request for a sentence below the advisory guideline range is DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this 2nd Day of August, 2005, at Wichita, Ks.

                                           s/ Wesley E. Brown
                                           Wesley E. Brown
                                           U.S. Senior District Judge